# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES A. GORDON,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 18-CV-2651 |
| WILLIE MEANA CANADA, *et al.*,<br>    Defendants. | :<br>:<br>: |

## MEMORANDUM

**BEETLESTONE, J.**                                                                                                                      **JUNE 27, 2018**

Plaintiff James A. Gordon, proceeding *pro se*, has filed this civil action against Willie Meana Canada and Patricia A. Conway, raising claims related to the probate of Gordon's father's estate. (ECF No. 2.) He has also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 1.) For the following reasons, the Court will grant Gordon leave to proceed *in forma pauperis* and will dismiss his Complaint.

## I.    FACTS

Gordon is the son of Hollis C. Gordon, Sr. (Compl. at 9.)[1] Gordon alleges that Hollis Gordon was admitted to Hahnemann University Hospital's emergency room on May 29, 2014 due to "symptoms and diagnosis of a severe stroke." (*Id.*) He required "around-the-clock supervisory care in the Hospital's Critical Care Unit . . . necessitating breathing with the assistance of a life-support machine." (*Id.*) Subsequently, Hollis Gordon was classified "for immediate placement for hospice as a terminally ill patient." (*Id.* at 10.) After that, he suffered three (3) cardiopulmonary arrests which required resuscitation. (*Id.*) Because of this, the hospital staff concluded that Hollis Gordon's "mental and physical capacity was severely

---

[1] The Court uses the pagination assigned to the Complaint by the CM/ECF docketing system.

diminishing long before his May 29, 2014 hospital admission." (*Id.*) Hollis Gordon passed away on November 27, 2014. (*Id.* at 9.)

Hollis Gordon's last will and testament, dated May 20, 2014, was admitted to probate by the "Register of Willis of Philadelphia County on August 14, 2015 whereby Willie Meana Canada . . . was appointed Executrix of the Estate." (*Id.*) According to Gordon, Meana, along with Patricia Conway, also admitted "a 'Petition To Probate Will In Solemn Form' in the Probate Court, County of Screven, State of Georgia," on June 25, 2015. (*Id.* at 10.) Subsequently, on August 14, 2015, Canada submitted a second petition for probate to the Register of Wills for Philadelphia. (*Id.*)

Gordon states that on April 25, 2016, he appealed the decree appointing Canada as Executrix to the Court of Common Pleas, Philadelphia Orphans' Division. (*Id.* at 11.) On December 23, 2016, he appealed to the Superior Court of Pennsylvania. (*Id.*) On December 5, 2017, Gordon filed a Petition for Allowance of Appeal with the Supreme Court of Pennsylvania. (*Id.* at 12.) On May 30, 2018, the Supreme Court of Pennsylvania denied the Petition. *See In re Estate of Hollis C. Gordon, Sr., Deceased*, 551 EAL 2017 (Pa.).

Gordon contends that the will admitted for probate in Philadelphia should be revoked because his father "lacked mental capacity procured by undue influence, duress and/or constraint to execute a [w]ill on May 20, 2014." (*Id.* at 10.) He also asserts that "the Order appointing Willie Meana Canada Executrix of the Estate of Mr. Gordon should be vacated with an Order entered by this Honorable Court directing the Estate to adhere to 20 Pa. Code, Ch. 21, Pennsylvania Laws of Intestate Succession." (*Id.*) To this end, Gordon requests that the Court order Canada and Conway to appear and show cause "why the Last Will And Testament Of Hollis C. Gordon, Sr., dated May 20, 2014 and the Grant of Letters Testamentary appointing

2

Willie Meana Canada Executrix ... should not be revoked and vacated, respectively, on grounds including, but not limited to, decedent's lack of mental capacity and undue influence." (*Id.* at 12.)

## II. STANDARD OF REVIEW

The Court will grant Gordon leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Moreover, "if the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). As Gordon is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

As noted above, Gordon requests that this Court review and vacate the order that appointed Willie Meana Canada as Exectrix of Hollis Gordon's estate. Pursuant to the *Rooker-Feldman* doctrine, however, "federal district courts lack jurisdiction over suits that are essentially appeals from state-court judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010). Based on that principle, the *Rooker-Feldman* doctrine deprives a federal district court of jurisdiction over "cases brought by state-court losers

3

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 166 (quotations omitted). Accordingly, the Court lacks jurisdiction to review and overturn the order in question.

To the extent that Gordon asserts claims that are not barred by the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over such claims. The only basis for Gordon's claims regarding his father's estate is diversity jurisdiction. Under 28 U.S.C. § 1332, a district court can exercise subject-matter jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." *Id.* Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). Here, Gordon provides Philadelphia addresses for both Canada and Conway (Compl. at 2), but also asserts that they are citizens of "Georgia and Pennsylvania" (*id.* at 6). Given this, the Complaint fails to establish the complete diversity required to exercise jurisdiction under § 1332(a).

In any event, "[t]he probate exception is a jurisdictional limitation on the federal courts originating from the original grant of jurisdiction in the Judiciary Act of 1789." *Three Keys Ltd. V. SR Util. Holding Co.*, 540 F.3d 220, 226 (3d Cir. 2008). Under this exception, federal courts lack jurisdiction over "the probate or annulment of a will [or] the administration of a decedent's

4

estate." *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). In courts within the Third Circuit, this exception only applies if the "federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court." *Three Keys Ltd.*, 540 F.3d at 227. Here, Gordon clearly wants this Court to revoke the will admitted to probate in Philadelphia and direct that his father's estate be probated according to the laws of intestate succession. (*See* Compl. at 10.) Accordingly, even if Gordon could come back and establish complete diversity between the parties, the probate exception applies to deprive this Court of jurisdiction over this matter.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Gordon leave to proceed *in forma pauperis* and will dismiss his Complaint. Gordon's claims seeking review of the order appointing Canada as Executrix will be dismissed for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine. To the extent he raises claims not barred by *Rooker-Feldman*, those claims will be dismissed for lack of subject matter jurisdiction. Gordon will not be permitted to file an amended complaint, as amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

_____
**WENDY BEETLESTONE, J.**

5